UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
:
STRIKE 3 HOLDINGS, LLC,                                        :
                                                               :   Case No. 1:17-cv-09659-VEC
                      Plaintiff,                               :
                                                               :
        vs.                                                   :
                                                               :
                                                               :
JOHN DOE subscriber assigned IP address                        :
72.229.60.79,                                                  :
                                                               :
                      Defendant.                               :
---------------------------------------------------------------X

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO QUASH PLAINTIFF'S THIRD-PARTY SUBPOENA**

      Plaintiff, Strike 3 Holdings, LLC ("Strike 3" or "Plaintiff") respectfully submits this opposition to the Motion to Quash Plaintiff's Third-Party Subpoena issued upon Defendant's Internet Service Provider ("ISP"), Spectrum that was filed by Defendant John Doe ("Defendant" or "Movant").

    **I.**    **INTRODUCTION**

      In this BitTorrent copyright infringement action, Plaintiff cannot identify and serve Defendant Doe without the information subpoenaed from his or her ISP. [*See generally* CM/ECF 6]. Movant, however, asks this Court to quash Plaintiff's third-party subpoena because it imposes an undue burden by intruding upon her private information. Additionally, Movant suggests that some other party may be responsible for downloading Plaintiff's motion pictures using her IP address. As discussed below, Movant's concerns are predicated on a misunderstanding of the limited nature of the third-party subpoena. Because the information sought is narrow and

1

appropriate for the limited purpose of identifying and serving Defendant Doe, there is no basis to quash the subpoena.

## II.   FACTS

Plaintiff owns the intellectual property to *Blacked*, *Blacked Raw*, *Tushy*, and *Vixen,* award-winning adult entertainment studios. [Declaration of Greg Lansky [CM/ECF 6-1, ¶ 3, 19)]. Strike 3's philosophy is to hold itself above the rest: higher budgets, higher compensation for its actors and actresses, and higher end productions. *Id*. at ¶ 7–8, 11–13, 15. Despite its success, Strike 3 does not rest on its back-catalogue and is continually seeking out new opportunities and ventures to provide subscribers with a better experience. *Id*. at ¶ 15. Plaintiff's business has "raised the bar" for the rest of the industry, "leading more adult studios to invest in better content, higher pay for performers, and to treat each performer like an artist." *Id*. at ¶ 21.

As a result of its higher production and talent costs, Strike 3 is sensitive to the loss of revenue that mass copyright infringement threatens. *Id*. at ¶ 24. Despite attempting to mitigate the infringement outside the courts, *see id*. at ¶ 26 (sending thousands of DMCA takedowns to infringing websites), lawsuits like this have become an option of last resort. *Id*. at ¶ 27. Plaintiff understands the delicate nature of these suits, and has put in place protocols, including inviting this Court to implement a protective order, which Plaintiff has respected and will carry out faithfully. [*See* CM/ECF 6 at 10].

Defendant is accused of downloading, distributing, and hence infringing multiple of Plaintiff's works across the BitTorrent network. [*See generally* CM/ECF 1 and accompanying Exhibit "A" listing the works-in-suit]. Plaintiff moved to serve an early subpoena on Defendant's ISP for the limited purpose of identifying and serving Defendant (maintaining his anonymity) in accordance with the Federal Rules of Civil Procedure. [CM/ECF 5, 6]. The Court granted Strike

3's motion, [CM/ECF 8], Plaintiff served its subpoena on Defendant's ISP, and Defendant moved to quash said subpoena, [CM/ECF 13, 14], which makes up the present action before the Court.

### III.    LEGAL STANDARD

"[T]he party seeking to quash a subpoena bears a heavy burden of proof." *Kirschner v. Klemons*, No. CV 99-4828 (RCC), 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005) (citation omitted). The Federal Rules of Civil Procedure is clear: courts will only quash or modify a subpoena under six circumstances. *See* Fed. R. Civ. P. 45(d)(3)(A)–(B). Those include whether the subpoena (1) "fails to allow a reasonable time to comply"; (2) requires a non-party to travel beyond certain geographical limits; (3) requires disclosure of privileged materials; (4) subjects a person to "undue burden"; (5) requires disclosure of "a trade secret or other confidential research, development, or commercial information"; or (6) requires disclosure of certain expert opinions. *Id*. "No other grounds are listed." *Crocs, Inc. v. Effervescent, Inc.*, No. CV 06-00605-PAB-KMT, 2017 WL 3888455, at *2 (D. Colo. Jan. 30, 2017) (collecting cases). "Absent a finding by a court that a valid basis exists to quash a subpoena, the party receiving the subpoena *must comply* with it. *Id*. (collecting cases) (emphasis original).

### IV.    ARGUMENT

#### A.    After Construing *Pro Se* Movant's Argument As An "Undue Burden," It is Erroneously Premised On A Misunderstanding of the Subpoena

Even read liberally, the Motion does not properly state a ground on which Plaintiff's subpoena can be quashed. As a preliminary matter, Movant does not have standing to assert an undue burden "[b]ecause the subpoena does not obligate Defendant to do or produce anything . . . ." *See Malibu Media, LLC v. Doe*, No. CV 15-3147 (AJN), 2016 WL 5478433, at *3 (S.D.N.Y. Sept. 29, 2016). "[Courts] have extensively addressed this issue in copyright

BitTorrent actions similar to the instant case, and those courts have held that John Doe Defendants generally have no standing to move to quash the subpoena that is issued to a third party, such as an ISP, on the basis of undue burden." *Malibu Media, LLC v. Doe No. 4*, No. CV 12-2950 JPO, 2012 WL 5987854, at *2 (S.D.N.Y. Nov. 30, 2012) (internal quotations and citations omitted).

Furthermore, even if Movant had appropriate standing to assert an undue burden, her arguments misapprehend the nature and request of the subpoena. Contrary to Movant's assertions, the third-party subpoena does not seek her "internet downloads." [CM/ECF 13]. Nor does it seek Movant's "communications" with her "health professional," nor would Plaintiff ever request or reveal such information. *See id*. The Court Order permits discovery into "*only* the name and address" [CM/ECF 8, at 2 (emphasis original)],[1] and Plaintiff's subpoena expressly only requests these limited points of information. *See* Exhibit "A" (attaching a true and correct copy of the subpoena served on Spectrum). Movant also briefly raises concerns that the subpoena would invade her privacy. [CM/ECF 13, at 2]. This is in part based on her mistaken belief that subpoena would allow Plaintiff "access to [Movant's] computer." *See id*. The subpoena does no such thing. Moreover, any perceived risk of embarrassment[2] is mitigated by

---

[1] The limited nature of the information requested in the third-party subpoena is further explained in the Court's "NOTICE TO DEFENDNAT" attached to the Court Order and subpoena. [*See generally* CM/ECF 8, at 4–5].

[2] "[T]he Court believes that Defendant's concern about the potential for embarrassment and stigma from being publicly named as a consumer of pornographic films (and the corresponding likelihood of a coercive and unfair settlement) is largely mitigated by providing the Defendant with the opportunity to litigate the suit anonymously." *Malibu Media*, No CV. 15-7788 (KMW), 2016 WL 1651869 at *3. *But see Malibu Media, LLC v. John Does No. 1-30*, No. CV 12-3896-MAS, 2012 WL 6203697, at *7 (D.N.J. Dec. 12, 2012) ("While the Court acknowledges there may be 'some social stigma attached to consuming pornography . . . it is [nonetheless] the rare civil lawsuit in which a defendant is not accused of behavior of which others may disapprove.") (citation omitted). "To Plaintiff's credit, it has acknowledged the potential for abuse and states that its policy is to allow defendants to proceed anonymously and would consent to a protective order." *Malibu Media, LLC v. Doe*, No. 15 CV 4743 JFK, 2015 WL 5013874, at *2 (S.D.N.Y. Aug. 18, 2015); *id*. at *1 n.5 ("The protective order helps remove coercion from a defendant's calculation.").

the Court's provisional protective order allowing Movant to "proceed anonymously as John Doe in this action unless and until the Court orders otherwise." [CM/ECF 8, at 2].

Indeed, with respect to these two points of information, Movant fails to assert with any particularity what undue expense or hardship will be imposed on her, especially because it will be her ISP that is producing the information. This Court has previously discussed this type of disconnect here with Movant's concerns about privacy and her lack of standing:

> Though the subpoena is undisputedly directed at the ISP[,] . . . [Movant] contends that the information is nevertheless burdensome to him, as public disclosure of his identity would publicly link him to internet pornography . . . . While this Court is sensitive to the privacy concerns at issue in a case such as this one *[Doe's] legitimate concerns have no place within the undue burden calculus*, as the burden of literal compliance with this subpoena falls to a third-party . . . .

*Malibu Media*, No. CV 12-2950 JPO, 2012 WL 5987854 at *2 (internal citations) (emphasis supplied). As a result, Plaintiff's third-party subpoena imposes no undue burden on Movant.

### B. Movant's General Denial of Liability Is Not A Ground To Quash Or Modify Plaintiff's Third-Party Subpoena

"A general denial of liability . . . is not a basis for quashing the plaintiff's subpoenas and preventing the plaintiff from obtaining the putative defendants' identifying information. That would deny the plaintiff access to the information critical to bringing these individuals properly into the lawsuit to address the merits of both the plaintiff's claim and their defenses." *Voltage Pictures, LLC v. Does 1-5,000*, 818 F. Supp. 2d 28, 35 (D.D.C. 2011) (collecting cases). Movant avers that she is not the infringer and notes that she "live[s] in an apartment house with many neighbors" and that someone else may have used her IP address to infringe Plaintiff's copyrights. [CM/ECF 13, at 1–2]. "Nowhere, however, does Defendant link the possibility that he is not the infringer to an accepted basis for quashing a subpoena." *Malibu Media*, No. CV 15-3147 (AJN), 2016 WL 5478433 at *3 (citations omitted). "Defendant's argument that another party is

5

responsible for the infringing conduct may be advanced later as a defense, but it does not constitute a reason to quash the subpoena, because '[o]btaining Doe's contact information 'is the logical first step in identifying the correct party." *Malibu Media, LLC v. Doe*, No CV. 15-7788 (KMW), 2016 WL 1651869, at *3 (S.D.N.Y. Apr. 26, 2016) (citations omitted). Thus, this argument also fails to form a basis to quash or modify Plaintiff's third-party subpoena.

### V.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Quash.

Respectfully submitted,

By: /s/ Jacqueline M. James
Jacqueline M. James, Esq. (1845)
The James Law Firm, PLLC
445 Hamilton Avenue
Suite 1102
White Plains, New York 10601
T: 914-358-6423
F: 914-358-6424
E-mail: jjameslaw@optonline.net
*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:   /s/ Jacqueline M. James