```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
STRIKE 3 HOLDINGS, LLC,                                        :
                                                               :
                                   Plaintiff,                  :
                                                               :           17-CV-9659 (VEC)
                  -against-                                    :
                                                               :
JOHN DOE, subscriber assigned IP address                       :           MEMORANDUM
72.229.60.79,                                                  :           OPINION AND ORDER
                                                               :
                                   Defendant.                  :
                                                               :
-------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/23/2018

VALERIE CAPRONI, United States District Judge:

Plaintiff Strike 3 Holdings, LLC brings this action for copyright infringement against Defendant, who has been identified only by an Internet Protocol ("IP") address, 72.229.60.79. Defendant, proceeding *pro se* and anonymously, seeks to quash a subpoena that Plaintiff has served on Defendant's Internet Service Provider ("ISP"), Charter Communications, Inc. *See* Mot., Dkt. 13. For the following reasons, Defendant's motion is DENIED. Charter Communications, Inc. is ORDERED to respond to Plaintiff's subpoena, following the procedures in this Court's order at Dkt. 8. Defendant may continue to proceed anonymously, as "John Doe," unless and until the Court orders otherwise.

## BACKGROUND

Plaintiff is the owner of numerous adult movie titles that are distributed through subscription websites. *See* Compl. ¶¶ 2–3, Dkt. 1. Plaintiff alleges that Defendant has infringed Plaintiff's copyrights by downloading at least 31 of Plaintiff's movies without permission, using an online file-sharing protocol. *See id.* ¶ 4. Plaintiff has identified Defendant only by IP address. *Id.* ¶ 5.

On December 14, 2017, Plaintiff moved for leave to serve a third-party subpoena on Defendant's ISP in advance of an initial conference, pursuant to Federal Rule of Civil Procedure 26(d)(1). *See* Notice of Mot., Dkt. 5. Plaintiff sought information from Defendant's ISP about Defendant's identity, so that Plaintiff could properly serve Defendant with process. *See id.*; Pl.'s Mem. of Law at 6–8, Dkt. 6. On December 27, 2017, the Court granted Plaintiff's motion in part, allowing Plaintiff to serve a third-party subpoena on Defendant's ISP seeking only Plaintiff's name and address. *See* Order at 2, Dkt. 8. The Court also ordered the ISP to serve Defendant with a copy of the subpoena and to provide Defendant with an opportunity to move to quash or modify the subpoena. *See id.* Additionally, the Court allowed Defendant to proceed anonymously, as "John Doe," unless and until the Court ordered otherwise. *See id.*

Plaintiff served the subpoena on Defendant's ISP in January 2018. *See* Dkt. 15, Ex. A. On March 14, 2018, Defendant, proceeding *pro se* and as "John Doe," filed a "request to quash" the subpoena. *See* Defs.' Ltr., Dkt. 13. Defendant stated that she is "a 75 year old lady" who is "innocent of file sharing." *Id.* at 1–2. She stated that allowing Plaintiff to obtain her "internet downloads" would be "a serious invasion of [her] privacy," and, accordingly, asked the Court to quash Plaintiff's subpoena. *Id.*

## DISCUSSION

### I.     Defendant's Motion to Quash Is Denied

"A document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks omitted). Courts must read such submissions "to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted).

The Court interprets Defendant's letter as a motion pursuant to Rule 45(d) to quash the third-party subpoena that was served on Charter Communications. Under Rule 45(d), a court

must quash or modify any subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i)–(iv). The Court further interprets Defendant's letter as raising objections of either privilege or undue burden, as there is no indication that the subpoena fails to allow a reasonable time to comply or requires compliance beyond the Rule's geographical limits.

A party must have "standing" to move to quash a subpoena. *KGK Jewelry LLC v. ESDNetwork*, No. 11-CV-9236, 2014 WL 1199326, at *3 (S.D.N.Y. Mar. 21, 2014) (collecting cases). "A party ordinarily lacks standing to quash a subpoena directed at a nonparty unless the party is seeking to protect a personal privilege or right." *Nova Products, Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 241 (S.D.N.Y. 2004). "[T]he claim of privilege or right must be personal to the movant, not to the non-party witness on whom the subpoena was served." *Samad Bros., Inc. v. Bokara Rug Co. Inc.*, No. 09-CV-5843, 2010 WL 5094344, at *2 (S.D.N.Y. Nov. 30, 2010).

Here, Plaintiff's subpoena directed Defendant's ISP—not Defendant—to produce information. *See* Dkt. 15, Ex. A. "Because the subpoena does not obligate Defendant to do or produce anything," Defendant cannot object to the subpoena on the grounds that it would constitute an undue burden. *Malibu Media, LLC v. Doe*, No. 15-CV-3147, 2016 WL 5478433, at *3 (S.D.N.Y. Sept. 29, 2016). Additionally, because the subpoena seeks only Defendant's name and address, Defendant cannot raise a plausible claim of privilege or right that the subpoena would impair. *See Malibu Media, LLC v. Doe No. 4*, No. 12-CV-2950, 2012 WL 5987854, at *2 (S.D.N.Y. Nov. 30, 2012) ("[C]ourts in various jurisdictions around the country have extensively addressed this issue . . . and those courts have held that John Doe Defendants generally have no

standing to move to quash [a] subpoena that is issued to a third party, such as an ISP, on the basis of undue burden." (internal quotation marks omitted)).

Even if Defendant had standing, Defendant would be unable to show that the subpoena constitutes an undue burden. "Because the burden [of proof] is on the party seeking to quash a subpoena, that party cannot merely assert that compliance with the subpoena would be burdensome without setting forth the manner and extent of the burden and the probable negative consequences of insisting on compliance." *Kirschner v. Klemons*, No. 99-CV-4828, 2005 WL 1214330, at *3 (S.D.N.Y. May 19, 2005) (citation omitted). Contrary to Defendant's assertion, Plaintiff's subpoena would not provide Plaintiff access to Defendant's Internet downloads or health care information. It would provide Plaintiff access only to Defendant's name and address, and Defendant could, for now, continue to proceed anonymously in all public filings. *See* Order at 2, Dkt. 8. Production of this narrow and limited set of information does not pose an undue burden. *See Malibu Media*, 2012 WL 5987854, at *3–4 (denying a motion to quash a subpoena that sought the defendant's name, address, and email address in a copyright infringement case).

Finally, the Court notes that "[a] general denial of liability . . . is not a basis for quashing" a subpoena. *Voltage Pictures, LLC v. Does 1–5,000*, 818 F. Supp. 2d 28, 35 (D.D.C. 2011) (collecting cases). Defendant denies that she has engaged in illegal file-sharing. But this subpoena will allow Plaintiff to obtain the information necessary to serve Defendant with the Complaint in this action, thereby allowing Defendant to defend herself against Plaintiff's accusations. Under these circumstances, Plaintiff's subpoena is entirely proper.

## CONCLUSION

For all the foregoing reasons, Defendant's motion to quash Plaintiff's subpoena is DENIED. Charter Communications, Inc. is ORDERED promptly to respond to Plaintiff's

subpoena, following the procedures in this Court's order at Dkt. 8.  Defendant may continue to proceed anonymously, as "John Doe," unless and until the Court orders otherwise.

The Clerk is respectfully directed to close the open motion at Dkt. 13.  The Clerk is also directed to mail a copy of this order to Defendant.  Plaintiff is responsible for serving a copy of this order on Charter Communications, Inc.

**SO ORDERED.**

Date:  **May 23, 2018**
          **New York, New York**

**VALERIE CAPRONI**
**United States District Judge**